# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 22, 2024

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
LYDIA M. GOODE,                    *
                                   *
            Petitioner,            *      No. 21-1307V
                                   *
v.                                 *      Special Master Gowen
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

*Leigh Finfer*, Muller Brazil PA, Dresher, PA, for Petitioner.
*Traci R. Patton*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 3, 2021, Lydia M. Goode, ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 48). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$39,729.46.**

## I.        Procedural History

On May 3, 2021, Lydia M. Goode ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the tetanus vaccine on June 13, 2018, she developed transverse myelitis. *Id*. On September 28, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 42).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On April 8, 2024, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $47,078.46, representing $20,424.90 in attorneys' fees and $26,653.56 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of his claim. *Id*.

Petitioner also filed a motion justifying expert rate increase. Fees App. Ex. C. Petitioner explained that for Dr. David Simpson's work in this case, performed and invoiced in 2022, $700.00 per hour is a reasonable and justified hourly rate. *Id*. at 4. Respondent responded to the motions on April 10, 2024, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 49). Respondent further stated, "[t]o the extent petitioner is requesting higher expert hourly rates than what has typically been awarded in the past, respondent submits that the Court should reserve the highest rates for the most qualified experts opining on the most complex medical issues . . . . " and requesting that the Court "continue to make case-by-case determinations about a reasonable hourly rate, based upon the work performed, and any revised expert hourly rate ceiling should reflect the unique character of the Vaccine Program." *Id*. at 3-4. Respondent "urges that the hourly rates paid to experts who appear on behalf of respondent ($375.00) be considered when determining an appropriate hourly rate." *Id*. at 4. Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

## II.   Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   Attorneys' Fees

Petitioner requests the following rates for the work of her counsel: for Ms. Leigh Finfer, $200.00 per hour for work performed in 2020, $225.00 per hour for work performed in 2021, $250.00 per hour for work performed in 2022, and $275.00 per hour for work performed in 2023; for Mr. Max Muller, $325.00 per hour for work performed in 2019; and for Ms. Laura Levenberg, $275.00 per hour for work performed in 2021, and $350.00 per hour for work performed in 2022. These rates are consistent with what counsel has previously been awarded in the Vaccine Program and I find them to be reasonable herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $20,424.90.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $26,653.56. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. Fees App. Ex. B at 1. These administrative costs are typical in Vaccine Program cases and were reasonably incurred in this matter.

Petitioner requests reimbursement for expert services provided by Dr. David Simpson for 36.75 hours at a rate of $700.00 per hour, totaling $25,725.00. Fees App. Ex. B at 12-14. In her Fees App., Petitioner explained that "Dr. Simpson authored and submitted two (2) expert reports in this matter, both of which were accompanied by supportive medical literature. He has significant prior experience participating in vaccine litigation as an expert for neurological injuries, estimating involvement in over thirty (30) VICP cases." Fees App. Ex. C at 2. Petitioner noted Dr. Simpson's extensive education, career, board certifications, clinical experience, publication history, fellowships, and awards. *Id.* at 2-3. Petitioner also noted that "[t]his was a difficult case where Dr. Simpson's expertise was critical in bringing about a favorable settlement for Petitioner." *Id.* at 3. Petitioner noted that "Dr. Simpson lives and works in New York, NY, where the cost of living is 77% higher than the national average . . . ." and "in non-vaccine claims, Dr. Simpson charges $800 for his work, but requests a lower hourly rate here." *Id.* at 4.

While Dr. Simpson's requested rate of $700.00 per hour is not necessarily objectionable, it exceeds what he has been previously awarded for similar work performed in 2022. Dr. Simpson has consistently been awarded $500.00 per hour for his work in the Vaccine Program performed in 2022 and earlier. *See Velasquez v. Sec'y of Health & Human Servs.*, No. 19-1703V, 2024 WL 2186367 (Fed. Cl. Spec. Mstr. Apr. 16, 2024); *Neuenschwander v. Sec'y of Health & Human Servs.*, No. 18-1245V, 2023 WL 1948633 (Fed. Cl. Spec. Mstr. Jan. 18, 2024); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 19-729V, 2022 WL 16584904 (Fed. Cl. Spec. Mstr. Sept. 22, 2022). Accordingly, I will reduce Dr. Simpson's rate from $700.00 to $500.00 per hour for the expert services performed in 2022 in this case. This results in a reduction of **$7,350.00**.[3] This reduction does not preclude an increase in Dr. Simpson's rate in the future, especially considering his expertise, credentials, and locality.

### III. Conclusion

In accordance with the foregoing, I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

---

[3] This amount is calculated as: ($700.00 - $500.00) x 36.75 hours = $7,350.00

| | |
|---|---|
| Attorneys' Fees Requested | $20,424.90 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$20,424.90** |
| | |
| Attorneys' Costs Requested | $26,653.56 |
| (Reduction of Costs) | ($7,350.00) |
| **Total Attorneys' Costs Awarded** | **$19,304.56** |
| | |
| **Total Attorneys' Fees and Costs** | **$39,729.46** |

**Accordingly, I award the following: a lump sum in the amount of $39,729.46, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Ms. Leigh Finfer.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[5]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).